**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MANETIRONY CLERVRAIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 20-CV-0134-JED-JFJ |
| ) | |
| STEVEN NEJEN, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Manetirony Clervrain initiated this action on March 31, 2020, by filing a "motion for supplemental injustice adversely affected ['The Ants'] and for related matter for justification act ('TAJA')" (hereafter, "motion for supplemental injustice") (Doc. 1), and a motion to proceed *in forma pauperis* (Doc. 2). Both motions indicate that Petitioner is an alien detainee currently held at the Moore Detention Center, in Okmulgee, Oklahoma, and suggest that he is awaiting removal from the United States. Doc. 1, at 40, 203; Doc. 2, at 7.[1] After a cursory review of the "motion for supplemental injustice," the Court directed the Clerk of Court to open this matter as a 28 U.S.C. § 2241 habeas corpus action. For the reasons that follow, the Court concludes that petitioner's "motion for supplemental injustice" should be dismissed, without prejudice, for lack of jurisdiction and for improper venue and that his motion to proceed *in forma pauperis* should be dismissed as moot.

**I.**

A district court must "promptly examine" a habeas petition and dismiss the petition "[i]f it

---

[1] For consistency, the Court's citations refer to the CM/ECF header pagination.

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* (Habeas Rule 4); *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (noting that district court acted within its discretion in applying Habeas Rule 4 to § 2241 petition). Because Petitioner appears *pro se*, the court must liberally construe his pleading, but the Court must do so without taking on the role of petitioner's advocate. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

On closer review of Petitioner's "motion for supplemental injustice," the Court finds that it fails to provide "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). Further, the "motion for supplemental injustice" fails to coherently "specify all the grounds for relief available to the petitioner" or "state the facts supporting each ground." Rule 2(c), *Rules Governing Section 2254 Cases in the United States District Courts*.

For example, Petitioner randomly refers to provisions of immigration law, "The Ant Justification Act," the International Court of Justice, the Equal Protection Clause, "Crimes of Apartheid," and a violation of the Vienna Convention. Doc. 1, at 1-13. He also lists what appear to be cases he has filed against the United States of America and several federal or state officials. *Id.* at 14-17. Without any discernible context, Petitioner discusses rules governing the amendment of pleadings, the canon of constitutional avoidance, Article III standing requirements and federal habeas jurisprudence. *Id.* at 32-39. In what Petitioner identifies as his "conclusion," he states that he is asking this Court

> to consider all relief requested that are part of the motions in all cases of the controversies across the country since the time plaintiff is being filed so many motions, and to compel all the courts across to process the cases while the plaintiff asking for injunction for access to resources to perform such complex litigation,

> and any other relief's the courts might find just and proper in light of the circumstances is for abolishing apartheid, Mass Deportation and Mass incarceration against those with evidence of lack of aggregation and promissory Oath . . . and to prove themselves that no Human being are perfects, regardless of what land they were Born, except in situation of ["*serious Criminal*"] which have not defined by the agencies within the plain meaning of the word and the structure of the Act by questioning the courts for justification.

Doc. 1, at 41. The remaining 150-plus pages that Petitioner describes as appendices to his "motion for supplemental injustice" suggest that he has filed similarly unclear pleadings in other federal courts, seeking various forms of relief. Doc. 1, at 42-202; Doc. 1-1, at 1-15. Finally, the "affidavit" Petitioner submitted with his motion to proceed *in forma pauperis* includes additional allegations and arguments that he identifies as his "issues on appeal" and that appear to challenge decisions relating to his immigration removal proceedings, actions of federal and state officials, and his current civil detention. Doc. 2-1, at 1-10, 14.

## II.

"Although pro se litigants' filings are held to 'less stringent standards than formal pleadings drafted by lawyers,' they are still subject to the federal rules of civil and appellate procedure." *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001) (unpublished)[2] (internal citation omitted) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*)) (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)). Thus, in applying the rule of liberal construction, courts should attempt to discern the claims presented, "despite the [litigant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule does not require courts to carefully sift through incomprehensible pleadings

---

[2] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

3

on the mere hope of discovering buried facts that might support a cognizable legal claim not even fairly alluded to in the pleading. *See id.* ("The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."); *see also Acker v. Dinwiddie*, 516 F. App'x 692, 693 (10th Cir. 2013) (unpublished) ("To be sure, it is well-settled that we read a pro se litigant's petition with a special solicitude. But we are not his advocates, and we cannot create arguments on his behalf out of whole cloth."). Simply stated, even a *pro se* litigant must comply with the basic requirement to describe in plain terms how he or she has been harmed, who caused the harm, and what relief he or she believes will redress that harm.

Despite Petitioner's failure to comply with this basic requirement, it is clear from his pleadings that his "motion for supplemental injustice" must be dismissed for two reasons and that it would be futile to provide Petitioner leave to amend. *First*, to the extent the motion could be construed as a § 2241 petition asserting a challenge to the validity of a final order of removal, this Court lacks subject-matter jurisdiction. *See Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (noting that "the Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal"). And, when a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court thus finds that the "motion for supplemental injustice," construed as a § 2241 petition, should be dismissed for lack of subject-matter jurisdiction.

*Second*, regardless of whether this Court construes Petitioner's "motion for supplemental injustice" as a § 2241 petition or as a civil rights complaint, venue is improper in this judicial district. Assuming the "motion for supplemental injustice" could be construed as a § 2241 petition asserting a challenge to the constitutional validity of Petitioner's continued detention, federal

habeas jurisdiction exists. Under § 2241, federal courts have jurisdiction to determine whether a habeas petitioner is being held "in custody in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001) (discussing limits on judicial review in immigration context and concluding "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"). But venue is improper in this judicial district because Petitioner is currently detained in Okmulgee, Oklahoma, which is located within the territorial jurisdiction of the Eastern District of Oklahoma. *See* 28 U.S.C. § 2241(a) (authorizing district courts to grant habeas relief "within their respective jurisdictions"); *id.* § 116(b) (listing counties within Eastern District of Oklahoma to include Okmulgee County); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *id.* at 451-52 (Kennedy, J., concurring) (likening § 2241's territorial-jurisdiction rule to a venue rule and stating, "The phrase 'respective jurisdictions' does establish a territorial restriction on the proper forum for habeas petitions, but does not of necessity establish that the limitation goes to the power of the court to hear the case.").

Likewise, assuming Petitioner's "motion for supplemental injustice" could be construed as either a civil rights complaint asserting claims against state officials, under 42 U.S.C. § 1983, or a civil rights complaint asserting claims against federal officials, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), venue is improper in this judicial district. The applicable venue statute provides that "[a] civil action may be brought in

>(1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is

5

      the subject of the action is situated; or

      (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); *see also Mullen v. Bureau of Prisons*, 843 F. Supp. 2d 112, 117 (D.D.C. 2012) (applying § 1391(b)(2) in *Bivens* context); *Coleman v. Crisp*, 444 F. Supp. 31, 33 (W.D. Okla. 1977) (noting that general venue provisions of § 1391 apply in § 1983 actions). Like a habeas petition challenging his current confinement, a civil rights complaint challenging actions or omissions of state or federal officials regarding his current confinement should be filed, if at all, in the United States District Court for the Eastern District of Oklahoma.

Because venue is improper whether this Court construes the "motion for supplemental injustice" as a § 2241 petition or as a civil rights complaint pursuant to either § 1983 or *Bivens*, the Court finds that this action should be dismissed, without prejudice to refiling in the proper judicial district. *See* 28 U.S.C. § 1406(a); *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (stating that district court may consider venue *sua sponte* "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed" (quoting *Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995))).[3]

---

[3] Given the lack of clarity in Petitioner's pleadings, the Court finds it would not be in the interest of justice to transfer this case to the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 1631. Moreover, should Petitioner choose to file a pleading in the appropriate judicial district, he should take care to provide "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8. This means any claims Petitioner asserts should be supported by basic facts relevant to each claim. *See, e.g.*, *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

### III.

Regardless of whether the Court construes Petitioner's "motion for supplemental injustice" as a 28 U.S.C. § 2241 petition for writ of habeas corpus or a civil rights complaint, this Court lacks subject-matter jurisdiction, to the extent Petitioner seeks habeas relief from his final order of removal, and the motion is not filed in the proper venue, to the extent Petitioner seeks habeas relief from his continued detention or asserts claims for alleged civil rights violations under 42 U.S.C. § 1983 or *Bivens*. For these reasons, the Court concludes that the "motion for supplemental injustice" must be dismissed without prejudice and that Petitioner's motion to proceed *in forma pauperis* should be dismissed as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's "motion for supplemental injustice adversely affected ['The Ants'] and for related matter for justification act ('TAJA')" (Doc. 1) is **dismissed without prejudice**.

2. Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **dismissed as moot**.

3. This is a final order terminating this action

4. A separate judgment shall be entered in this matter.

ORDERED this 1st day of May, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT